No. 60,868

STATE OF KANSAS, *Appellant*, v. BRET A. WAGNER and BARBARA J. WAGNER, *Appellees*.

(747 P.2d 114)

Opinion filed December 11, 1987.

*Kenneth R. Smith*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Gene M. Olander*, district attorney, were with him on the brief for appellant.

There was no appearance for appellees.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the State, pursuant to K.S.A. 1986 Supp. 22-3602(b)(3), upon a question reserved by the prosecution. The statute was amended in 1987; however, the amendment does not affect this appeal. Although the State designates two issues on appeal, we need only address the first. The appellant states the first issue as:

"Does a defendant who testifies at his trial, is convicted, imposition of sentence is suspended, and who does not file any post-trial motions within ten days nor file a notice of appeal, retain a Fifth Amendment right not to testify against the codefendants?"

The facts are not in dispute. Charges were filed on September 17, 1986, against Bret and Barbara Wagner, defendants in this case, and against Robert Arthur Kaltenborn on four counts: (1) possession of cocaine with intent to sell, (2) conspiracy to sell or possess cocaine, (3) possession of marijuana and/or THC, and (4) possession of drug paraphernalia. On October 9, 1986, at the preliminary examination, the conspiracy count was dismissed as

to all three defendants and they were bound over for trial on the remaining felony counts. Kaltenborn had been arrested and charged along with the Wagners following a drug raid upon the Wagner home, where Kaltenborn resided. Although a joint preliminary hearing was held for all three defendants, only the cases of the Wagners were consolidated for trial.

Kaltenborn was tried on February 4 and 5, 1987, and was convicted of possession of cocaine. The charge of possession of marijuana and/or THC had been dismissed by the trial court and the jury found Kaltenborn not guilty of possession of drug paraphernalia.

On March 17, 1987, Kaltenborn was sentenced to three to ten years. The journal entry in his case states:

"Now on this 17th day of March, 1987, the above-entitled matter comes on for sentencing, the Honorable James P. Buchele presiding. The State appears by Kenneth R. Smith, Assistant District Attorney. The defendant appears in person and by William Smith, his attorney. Thereupon, allocution is had and the Court, being duly advised in the matter, sentences the defendant to the Secretary of Corrections for a period of not less than three (3) years, nor more than ten (10) years for the offense of Possession of a Narcotic Drug. Imposition of said sentence is suspended and the defendant is placed on supervised probation for a period of five (5) years under the usual terms and special conditions as set forth in the Presentence Investigation incorporated by reference herein."

The Wagners' jury trial commenced April 9, 1987, before the Hon. Franklin Theis. During the State's case, the prosecution desired to call Kaltenborn as a witness. At a hearing, outside the presence of the jury, Judge Theis advised Kaltenborn, *inter alia*, that:

"Technically you have the right to appeal within 120 days of your sentence. That is you still maintain a Fifth Amendment right. You could in that period move for a new trial. You could appeal the finding of guilty by that jury. And the fact that you are on probation isn't part of that. After the expiration of 120 days that right, you have the right not to testify, not to give any statements against yourself would expire and you have the duty as any witness to be required to answer questions under oath because you couldn't be reprosecuted on the basis of them. Since you still have trial rights and appeal rights left, you have the right to exercise the Fifth Amendment. That is decline to answer questions on the grounds they might incriminate you."

Mr. Kaltenborn then exercised his Fifth Amendment rights, declined to testify, and was excused from his subpoena. It is clear that Judge Theis was advising Kaltenborn of his rights

under K.S.A. 1986 Supp. 22-3608(1) and K.S.A. 1986 Supp. 21-4603(3).

Appellant asserts that pursuant to K.S.A. 1986 Supp. 22-3608(2), Kaltenborn had only ten days from March 17, 1987, in which to appeal and, as more than ten days had elapsed prior to the Wagner trial, he no longer retained a Fifth Amendment right not to testify. The statute provides:

"**Time for appeal to supreme court.** (1) If sentence is imposed, the defendent may appeal from the judgment of the district court not later than 10 days after the expiration of the district court's power to modify the sentence. The power to revoke or modify the conditions of probation or the conditions of assignment to a community correctional services program shall not be deemed power to modify the sentence.

(2) If the imposition of sentence is suspended, the defendant may appeal from the judgment of the district court within 10 days after the order suspending imposition of sentence."

The State contends that the actions of Judge Buchele in sentencing Kaltenborn constituted a suspension of sentence under 22-3608(2). Thus, the narrow issue before this court is whether the trial judge was correct in his determination that Kaltenborn's appeal rights were controlled by 22-3608(1) rather than 22-3608(2). We find that he was correct.

K.S.A. 1986 Supp. 21-4602 provides, in part:

"(2) 'Suspension of sentence' means a procedure under which a defendant, found guilty of a crime, upon verdict or plea, is released by the court without imposition of sentence. The release may be with or without supervision in the discretion of the court.

"(3) 'Probation' means a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, without imprisonment, subject to conditions imposed by the court and subject to the supervision of the probation service of the court."

K.S.A. 1986 Supp. 21-4603, which sets forth the various authorized dispositions that a trial court may make, provides, in part:

"(2) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

(a) Commit the defendant to the custody of the secretary of corrections or, if confinement is for a term less than one year, to jail for the term provided by law;

(b) impose the fine applicable to the offense;

(c) release the defendant on probation subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution;

(d) suspend the imposition of the sentence subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution;

(e) assign the defendant to a community correctional services program subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution; or

    (f) impose any appropriate combination of (a), (b), (c), (d), or (e).

. . . .

    (3) Any time within 120 days after a sentence is imposed or within 120 days after probation or assignment to a community correctional services program has been revoked, the court may modify such sentence, revocation of probation or assignment by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits. If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from the supreme court or court of appeals.

. . . .

    (7) An application for or acceptance of probation, suspended sentence or assignment to a community correctional services program shall not constitute an acquiescence in the judgment for purpose of appeal, and any convicted person may appeal from such conviction, as provided by law, without regard to whether such person has applied for probation, suspended sentence or assignment to a community correctional services program."

K.S.A. 1986 Supp. 22-3716 sets forth the procedures to be followed when a person may have violated the conditions of probation or suspension of sentence and provides in part:

"(2) Upon arrest and detention pursuant to subsection [1], the court services officer or community correctional services officer shall immediately notify the court and shall submit in writing a report showing in what manner the defendant has violated the conditions of release or assignment. Thereupon, or upon an arrest by warrant as provided in this section, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charged. The hearing shall be in open court and the state shall have the burden of establishing the violation. The defendant shall have the right to be represented by counsel and shall be informed by the judge that, if the defendant is financially unable to obtain counsel, an attorney will be appointed to represent the defendant. The defendant shall have the right to present the testimony of witnesses and other evidence on the defendant's behalf. Relevant written statements made under oath may be admitted and considered by the court along with other evidence presented at the hearing. If the violation is established, the court may continue or revoke the probation, assignment to a community correctional services program or suspension of sentence and may require the defendant to serve the sentence imposed, or any lesser sentence, and, *if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.*" (Emphasis added.)

When all of the foregoing statutes are read in conjunction with

K.S.A. 1986 Supp. 22-3608, we think it is clear that the State has confused *the suspension of the execution of sentence* with *the suspension of the imposition of sentence.* In determining the proper disposition to be made following a conviction, the court has several alternatives under K.S.A. 1986 Supp. 21-4603, including probation and suspension of the imposition of sentence. Release of a defendant "without imposition of sentence" and release of a defendant upon probation "after imposition of sentence" are, by statutory definition, mutually exclusive. K.S.A. 1986 Supp. 21-4602(2) and (3). When the court elects to release a defendant without the imposition of sentence, no statutory sentence is pronounced and, upon compliance with the terms of the orders of the court, the defendant may be granted a final release without a sentence ever being imposed. When a defendant is released without imposition of sentence, K.S.A. 1986 Supp. 22-3608(2) controls the time for an appeal. On the other hand, when sentence is pronounced by the court and its *execution* is suspended by placing the defendant on probation, K.S.A. 1986 Supp. 22-3608(1) is the controlling statute for an appeal.

While the journal entry in Kaltenborn's case does state, "Imposition of said sentence is suspended," that language is clearly inconsistent with what actually took place. Sentence was imposed upon Kaltenborn but the *execution* thereof was suspended when he was placed upon five years' supervised probation. The trial court was correct in its ruling that Kaltenborn still retained the Fifth Amendment right not to testify in the Wagners' case as his appeal time had not run in his own case. See *State v. Anderson,* 240 Kan. 695, 700-01, 732 P.2d 732 (1987), and cases cited therein.

In view of the result reached on the narrow issue presented, additional arguments and the issue concerning double jeopardy asserted by appellant need not be addressed.

The appeal is denied.